IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR226** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **OSCAR OCTAVIO RAMIREZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections (Filing No. 73), and the government's response in which it adopts the PSR (Filing No. 75).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to several paragraphs of the PSR, and the objections are discussed below.

**¶¶ 13, 15, 16, 18 - Government's Version of the Offense**

The Court is unable to alter the government's version of the offense, and these objections are denied.

**¶¶ 25, 26, 28, 38 - Drug Quantity and Base Offense Level**

The Defendant pleaded guilty without a plea agreement.  His position is that he is responsible for a drug quantity of 550 grams of methamphetamine "or more" and the appropriate base offense level is 32.[1]  The government responds with evidence to be offered at sentencing that it contends will prove the base offense level is 38 as stated in the

---

[1] While under oath at his change of plea hearing, the Defendant admitted that his conduct involved at least 650 grams of methamphetamine.  (Filing No. 71, at 24:9-25:1.)

PSR. The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### ¶ 50 - Prior Conviction

The sentence for this prior conviction was imposed on April 21, 1998. At the change of plea hearing, the Defendant agreed while under oath that his involvement in the instant offense began in 2006. (Filing No. 71, at 24:3-8.) Therefore, because he was sentenced for the prior offense within ten years of the commencement of his commencement of the instant offense, the prior offense is countable. § 4A1.1(c) & application note 3. The objection is denied.

### ¶¶ 51, 52 - Prior Convictions

The Defendant argues these are related offenses and should be counted as one offense. The objection is denied for the reasons stated in the Addendum to the PSR.

### Lack of Adjustment for Safety Valve

The Defendant's objection to the lack of an adjustment for the safety valve is denied as moot because the Defendant is within Criminal History Category II.

### Request for Downward Departure

A separate motion for a downward departure has not been filed, although the Defendant argues he is so entitled under U.S.S.G. §§ 4A1.3(b) and 5H1.4. The request will be heard at sentencing. Defense counsel is encouraged to remind the Court of this request inasmuch as it does not appear in a separate motion.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 13, 15, 16, 18, 50-52, and the lack of an adjustment for the safety valve are denied;

2. The Defendant's objections to ¶¶ 25, 26, 28 and 38 will be heard at sentencing;

3. The Defendant's request for a downward departure will be heard at sentencing;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge